UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00349-MR

| | |
|---|---|
| JAMES ROSS INMAN, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> NORTH CAROLINA DEPARTMENT ) </br> OF PUBLIC SAFETY, ) </br> ) </br> Defendant. ) </br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I.    BACKGROUND**

Pro se Plaintiff James Ross Inman ("Plaintiff") is a North Carolina state inmate currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. He filed this action on December 3, 2021, pursuant to 42 U.S.C. § 1983, naming the North Carolina Department of Public Safety (NCDPS) as the sole Defendant. [Doc. 1]. Plaintiff alleges that for two different 30-day periods in 2021 he was denied recreation time and only allowed to shower three times per week as punishment for infractions he was charged with. [Id. at 3, 5]. Plaintiff alleges that these restrictions constitute

a violation of his right under the Eighth Amendment to be free from cruel and unusual punishment. [Id. at 3]. For injuries, Plaintiff claims that he suffered daily migraines "from argueing [sic] and protesting for [his] civil rights" and emotional stress, pain and suffering, and "Broken Heart Syndrome." [Id. at 5]. For relief, Plaintiff asks for monetary damages, that his infractions be expunged, and for transfer to medium custody. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

2

Case 1:21-cv-00349-MR   Document 8   Filed 01/03/22   Page 2 of 7

(1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

As a threshold matter, the NCDPS is not a proper defendant in a § 1983 action.  Neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).  Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, the Plaintiff's Complaint fails on this ground alone.  The Court, however, will evaluate Plaintiff's claim as if he had sued a proper defendant.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Williams v.

Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.3d 1375, 1381 (4th Cir. 1993). Plaintiff claims that his rights under the Eighth Amendment were violated in that he was denied recreation time and only allowed to shower three times per week for a collective period of 60 days. These allegations simply do not satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. See Lattimore v. Doe, No. 1:13CV692, 2014 WL 197807, at **1-3 (M.D.N.C. Jan. 14, 2014) (dismissing plaintiff's cruel and unusual punishment claim based on plaintiff's custody level). Plaintiff, therefore, has failed to state a claim under the Eighth Amendment.

Because the Court will dismiss this action with prejudice, the Court will also evaluate Plaintiff's claim under the Fourteenth Amendment, although not raised by Plaintiff. To prevail on a procedural due process claim, an

inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action.  Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997).  Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to be held in a specific security classification, barring some showing by the prisoner that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976).  Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison."  Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991);

5

Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Plaintiff's allegations – denial of recreation time and shower restrictions for 60 days – do not state a cognizable due process claim either.

Because Plaintiff has failed to state a claim for relief and because amendment would be futile, the Court will dismiss Plaintiff's Complaint with prejudice.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted under § 1983. Because amendment of Plaintiff's Amended Complaint would be futile, the Court will dismiss it with prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE** for failure to state a claim.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 3, 2022

Martin Reidinger
Chief United States District Judge